T.C. Summary Opinion 2008-158

UNITED STATES TAX COURT

EDWARD M. AND ELIZABETH A. DART, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 402-08S.                    Filed December 16, 2008.


Edward M. and Elizabeth A. Dart, pro sese.

<u>Anne D. Melzer</u> and Stephani Bouvet (specially recognized),
for respondent.


RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,888.80 in petitioners' 2005 Federal income tax and an addition to tax under section 6651(a)(1) of $256.05. The issues we must decide are whether petitioners are liable for the 10-percent additional tax for an early distribution from a retirement account under section 72(t) and whether they are liable for an addition to tax under section 6651(a)(1) for failure to timely file their return.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioners resided in the State of New York.

Petitioners' 2005 Federal income tax return was filed on April 18, 2006. On that return they reported wages of $10,938.36, interest income of $137.94, unemployment compensation of $4,860, Social Security benefits of $9,980.70, and distributions from a qualified retirement account of $38,888.89. The $38,888.89 distribution represented a November 11, 2005, withdrawal from a qualified retirement account in the name of petitioner Edward M. Dart. At the time of the withdrawal, Mr. Dart had not yet attained age 59-1/2.

During 2005 petitioner Elizabeth Dart was disabled. By at least the first part of 2005 Mr. Dart had become unable to work because of medical problems that had become increasingly worse over the years. Since 2005 Mr. Dart has remained disabled and unable to work. Mr. Dart made the November 11, 2005, withdrawal from his retirement account in order to be able to pay mounting bills including those for petitioners' home mortgage and medical expenses.

In April 2005 Mr. Dart applied to the Social Security Administration for disability benefits. In his application Mr. Dart included a detailed list of his physical ailments. His application in April 2005 contained all of the information that Mr. Dart has submitted to the Social Security Administration regarding his disability. Mr. Dart received written notification from the Social Security Administration approving his application for disability benefits. That notification stated: "We found that you became disabled under our rules on December 2, 2005."

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer generally bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 72(t) provides for a 10-percent additional tax where a person under the age of 59-1/2 withdraws money from a qualified retirement account unless that person falls within an enumerated exception.  Section 72(t)(2)(A)(iii) provides an exception for distributions "attributable to the employee's being disabled within the meaning of subsection (m)(7)".

Section 72(m)(7) provides:

> (7) Meaning of disabled.--For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration.  An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

In <u>Dwyer v. Commissioner</u>, 106 T.C. 337, 341 (1996), we stated:

> The regulations, promulgated pursuant to the statutory authorization contained in section 72(m)(7), provide that an individual will be considered to be disabled if he or she is unable to engage in any "substantial gainful activity" by reason of any medically determinable physical or mental impairment that can be expected to result in death or to be of long-continued and indefinite duration.  Sec. 1.72-17A(f)(1), Income Tax Regs.  Significantly, the regulations also provide that an impairment which is remediable does not constitute a disability.  Sec. 1.72-17A(f)(4), Income Tax Regs.

Generally, it is intended that the proof of disability be the same as where the individual applies for disability payments

under Social Security.  Id. at 341 (citing S. Rept. 93-383, at 134 (1973), 1974-3 C.B. (Supp.) 80, 213).

Mr. Dart's medical condition was so severe that he was unable to work for almost all of 2005 and has been unable to work ever since.  On the basis of the information that Mr. Dart submitted to the Social Security Administration in April 2005, the Social Security Administration found that Mr. Dart "became disabled under our rules on December 2, 2005."  Respondent argues that because December 2, 2005, is 21 days after Mr. Dart's withdrawal from his retirement account on November 11, 2005, petitioners have not shown that Mr. Dart was disabled at the time of the withdrawal.  This argument ignores the evidence, including the testimony of petitioners, and the fact that the Social Security Administration based its disability determination on facts that Mr. Dart submitted in April 2005.

We hold that when Mr. Dart made the November 11, 2005, withdrawal, he was disabled within the meaning of section 72(m)(7) and that petitioners are not liable for the 10-percent additional tax under section 72(t).

As to the addition to tax under section 6651(a)(1) for failure to timely file, petitioners state in their petition:  "We are both now on Disability; I at 61, she at 65 next month.  * * * I filed late having to wait for the funds from my IRA since it was Good Friday and Easter weekend causing delays."  The parties

stipulated that petitioners' 2005 return was "filed" on April 18, 2006, and there is no evidence to show reasonable cause. There is also no evidence to invoke the timely mailing-timely filing rules of section 7502. There is nothing in the record to indicate whether the return was mailed to respondent or how the April 18, 2006, filing date was determined. We are therefore required to hold petitioners liable for the addition to tax.[2] However, because of our holding that petitioners are not liable for the 10-percent additional tax under section 72(t), the section 6651(a)(1) addition to tax will be greatly reduced from the $256.05 that was determined in the notice of deficiency and will require recomputation.[3]

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[2] We note that Apr. 15, 2006, was a Saturday, therefore, the return would not have been due until Mon., Apr. 17, 2006. See sec. 7503. Therefore, the "filing" was 1 day late. In respondent's pretrial memorandum, respondent mistakenly states: "Petitioners filed their 2005 income tax return on July 17, 2006." Perhaps this mistake explains respondent's tenacity.

[3] There was a modest amount of unpaid tax reported as due on the date the return was filed.